KMD:KP \AndrewFedCom9.18.18

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

KRISTINE E. ANDREW     :
  *Plaintiff*       :
            :
VS.          :  C.A. No.: 18-cv-00522
            :
CRANSTON PUBLIC SCHOOLS;   :
JEANNINE NOTA-MASSE, in her capacity as, :
Superintendent of the Cranston Public Schools; :
RAY VOTTO, in his capacity as Chief Operating :
Officer         :
  *Defendants*      :

## <u>COMPLAINT</u>

## <u>PARTIES</u>

1. The Plaintiff, Kristine E. Andrew ("Ms. Andrew"), is an individual who resides in the Town of Cumberland, County of Providence, State of Rhode Island.

2. The Defendant, Cranston Public Schools, (hereinafter "School District"), is a political subdivision of the State of Rhode Island. Its principal offices are located in the City of Cranston, County of Providence, State of Rhode Island.

3. The Defendant, Jeannine Nota-Masse (hereinafter "Superintendent Nota-Masse"), is an individual who, based upon information and belief, resides in the City of Cranston, County of Providence, State of Rhode Island. Jeannine Nota-Masse currently serves as Superintendent of the Cranston Public Schools.

4. The Defendant, Ray Votto (hereinafter "Mr. Votto"), is an individual who, based upon information and belief, resides in the City of Cranston, County of Providence, State of Rhode Island. Jeannine Nota-Masse currently serves as the Chief Operating Officer of the Cranston Public Schools.

## <u>VENUE AND JURISDICTION</u>

5. Jurisdiction and venue is proper pursuant to 28 U.S.C. § 1331, because this case presents a federal question as relating to violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

1

## **FACTS**

6.  Ms. Andrew has been employed by the Cranston School District as a Speech Language Pathologist for over eleven (11) years, which is an employer under Title 1 of the Americans with Disabilities Act and a recipient of state and federal funds. However, Ms. Andrew has been a Speech Language Pathologist for over twenty (20) years, and is certified by the RI Department of Health and the Department of Education.

7.  At all material times, Ms. Andrew was able to perform the essential functions of her job as a Speech Language Pathologist at the School District with or without reasonable accommodations.

8.  Because of Ms. Andrew's credentials, the School Department is able to bill Medicaid for the services she renders to the children in her classroom—a caseload of around fifty (50)—and receives the reimbursements. Ms. Andrew is always rated "highly effective" upon evaluation, and has never had a problem or issue with any child or parent during her tenure working for the School Department.

9.  Ms. Andrew is disabled and/or a qualified individual with a disability within the meaning of the Rhode Island Fair Employment Practices Act (hereinafter "RIFEPA"), R.I. Gen. Laws § 28-5-7, the Rhode Island Civil Rights of People with Disabilities Act (hereinafter "RICRPDA"), R.I. Gen. Laws § 42-87 et seq, the Americans with Disabilities Act of 1990 (hereinafter "ADA") 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 (hereinafter "Section 504"), 29 U.S.C. § 701 et seq.

10. Ms. Andrew was seriously injured in or around March 23, 2017, at Woodridge Elementary School, when she was ejected from her broken desk chair and landed directly on her tailbone. Upon impact, Ms. Andrew smashed several of her vertebrae, resulting in a bulging disc in her lower back. Ms. Andrew instantly lost feeling in her right leg and foot.

11. Prior to this incident, Ms. Andrew had informed either the principal's secretary or the custodian several times that her chair was in a state of disrepair, and in fact, she had previously fallen from the chair approximately five (5) times. In those instances, Ms. Andrew had bruised and/or cut her leg, knee and hand. The chair was never repaired or replaced, and accident reports were never taken.

12. On the day that Ms. Andrew was injured, an ambulance was not called. Ms. Andrew drove herself to the hospital.

13. Prior to this incident, Ms. Andrew played volleyball recreationally approximately three (3) times a week, went to the gym approximately six (6) days a week, played racquetball, tennis and golf, and was previously a Division I athlete. She also worked another part-time job in addition to her position at the School District.

14. After the fall, Ms. Andrew saw several specialists regarding her injury. Approximately twelve (12) weeks after the incident, Dr. Dues J. Cielo ("Dr. Cielo") performed surgery on Ms. Andrew. She received a multi-level spinal fusion, a rod placed in her back, cadaver bone, and now has a twenty-three (23) inch vertical scar on her back. She also has accompanying nerve damage that is permanent in nature. Dr. Cielo prescribed a cane and a walker while Ms. Andrew was going through rehabilitation and physical therapy.

15. In or around April 2017, Ms. Andrews filed a claim for Worker's Compensation against the School District.

16. In or around September 2017, Beacon Mutual Insurance Company (hereinafter "Beacon Mutual"), the insurer for the School District, performed an evaluation of Ms. Andrew's classroom in order to determine what kind of accommodations she may need in order to return to work full-time.

17. In or around January 2018, Beacon Mutual Insurance Company's Independent Medical Examiner evaluated Ms. Andrew's medical records and injuries. The IME completely agreed with Dr. Cielo's diagnosis of Ms. Andrew.

18. Ms. Andrew began the first of many physical therapy sessions at Performance Physical Therapy in or around June 2017. This continued until about December 2017, when Ms. Andrew's services were suspended by Beacon Mutual, at which time, Ms. Andrew sought court intervention in order to continue treatment.

19. The Honorable Michael Feeney of the Worker's Compensation Court ordered Ms. Andrew for evaluation and therapy at the Arrigan Rehabilitation Center on February 21, 2018, where she completed a 4-6 week program of aqua therapy and other techniques per the discretion of her medical team.

20. Upon completion of the program on or around the end of April 2018, Ms. Andrew was evaluated again and her primary care physician and neurosurgeon recommended that she work part-time for six (6) weeks and the return to work full-duty full-time; that an ergonomic chair and footrest be purchased for Ms. Andrew to use while at work, and a classroom near the bathroom, as she had developed bowel control issues as a result of her injury. The School District denied these requests without reason.

21. After having a scheduled hearing in Worker's Compensation Court regarding the resolution of Ms. Andrew's case and her request for accommodations on April 26, 2018, the hearing was rescheduled for a fifth time with no resolution.

22. In a meeting with her Worker's Compensation attorney, Attorney Michael St. Pierre, Esq., and the attorney for Beacon Mutual Insurance Company, Insurer for the School District, Attorney Berndt Anderson, Esq., and Executive Director of Pupil Personnel Services, Michele Simpson, Attorney St. Pierre was informed that the "reason" for the denial of Ms. Andrew's requests for accommodation was because the part-time teacher "already knew the children," and that there were only eight (8) weeks left of school, so

that teacher should "finish out the year, and a job would be waiting for Ms. Andrew in the fall." It was also mentioned in the meeting that Michele Simpson had seen Ms. Andrew using her cane and that she "did not want the kids to see her that way."

23. Ms. Andrew has since been medically cleared, and is ready and able to return to work on a full-time, full-duty basis.

24. Ms. Andrew returned to work on or about June 15, 2018, but without many of the accommodations requested during the Worker's Compensation hearings before the Superior Court.

## COUNT I
**(Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Law § 28-5-7)**

25. The Plaintiff re-alleges the facts contained in Paragraphs 1-22 as though fully set forth herein.

26. At all relevant times, Ms. Andrew was employed as a Speech Language Pathologist by the School District and an employee within the scope of R.I.G.L. § 28-5-7.

27. Ms. Andrew made a timely request to receive reasonable accommodations on the basis of her disability to the School District, including but not limited to being allowed to return to work part-time for a short period of time until returning to full-time status.

28. The Defendants engaged in unlawful discriminatory employment practices by refusing to reasonably accommodate Ms. Andrew's disability despite her reasonable requests.

29. As a direct and proximate result of the Defendants' conduct, the Plaintiff has been discriminated against because of her disability and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendants' unlawful discrimination, injunctive relief directing the Defendants to provide fair and reasonable accommodations for the Plaintiff's disability, attorneys' fees, costs and interest, and any such further and other relief as the Court deems just and equitable.

## COUNT II
**(Violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Law § 42-87 et seq.)**

30. The Plaintiff re-alleges the facts contained in Paragraphs 1-27 as fully set forth herein.

31. At all relevant times, Ms. Andrew was employed as a Speech Language Pathologist by the School District and an otherwise qualified person with a disability within the scope of R.I.G.L. § 42-87-2.

32. At all relevant times, Defendants were an entity within the scope of R.I.G.L. § 42-87-3.

33. The Defendants engaged in unlawful discriminatory practices by refusing to reasonably accommodate Ms. Andrew's disability despite her reasonable requests.

34. As a direct and proximate result of the Defendants' conduct, the Plaintiff has been discriminated against because of her disability and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendants' unlawful discrimination, injunctive relief directing the Defendants' to provide fair and reasonable accommodations for Plaintiff's disabilities, attorneys' fees, costs and interest, and any such further and other relief as the Court deems just and equitable.

## COUNT III
### (Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.)

35. The Plaintiff re-alleges the facts contained in Paragraphs 1-32 as though fully set forth herein.

36. At all relevant times Ms. Andrew was employed as a Speech Language Pathologist by the School District and an otherwise qualified person with a disability within the scope of 42 U.S.C. § 12101 et seq.

37. At all relevant times, Defendants were a covered entity within the scope of 42 U.S.C. § 12101 et seq.

38. The Defendants engaged in unlawful discriminatory practices by refusing to reasonably accommodate Ms. Andrew's disability despite her reasonable requests in violation of 42 U.S.C. § 12112 (b) and (b)(5)(A).

39. As a direct and proximate result of the Defendants' conduct, the Plaintiff has been discriminated against because of her disability and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendants' unlawful discrimination, injunctive relief directing the Defendants' to provide fair and reasonable accommodations for Plaintiff's disabilities, attorney's fees, costs and interest, and any such further and other relief as the Court deems just and equitable.

## COUNT IV
### (Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.)

40. Plaintiff re-alleges the facts contained in Paragraphs 1-37 as though fully set forth herein.

41. At all relevant times, Ms. Andrew was employed as a Speech Language Pathologist by the School District and an otherwise qualified person with a disability within the scope of 29 U.S.C. § 701 et seq.

42. At all relevant times, Defendants were a covered entity within the scope of 29 U.S.C. § 701 et seq.

43. The Defendants engaged in unlawful discriminatory practices by refusing to reasonably accommodate Ms. Andrew's disability despite her reasonable requests in violation of 29 U.S.C. § 701 et seq.

44. As a direct and proximate result of the Defendants' conduct, the Plaintiff has been discriminated against because of her disability and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendants' unlawful discrimination, injunctive relief directing the Defendants' to provide fair and reasonable accommodations for Plaintiff's disabilities, attorneys' fees, costs and interest, and any such further and other relief as the Court deems just and equitable.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL COUNTS**

Plaintiff, KRISTINE E. ANDREW,
By her Attorney,


/s/ Kevin M. Daley
_____
Kevin M. Daley, Esq. (#4944)
Daley Orton, LLC
1383 Warwick Avenue
Warwick, RI 02888
(401) 921-5901
(401) 921-5902 (fax)
kdaley@daleyorton.com


**September 18, 2018**